IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHASE HASTY**                                                                                      **PLAINTIFF**

v.                              No: 4:20-cv-00639-LPR-PSH

**BILL GILKY**                                                                                      **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Chase Hasty filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 26, 2020 (Doc. No. 1). In the Court's initial order for *pro se* prisoner plaintiffs, Hasty was notified he must comply with Local Rule 5.5(c)(2), which provides that if any communication from the Court is not responded to within thirty days, the case may be dismissed without prejudice (Doc. No. 2). On June 10, 2020,

Hasty notified the Court of a new free-world address, indicating that he had been released from custody. *See* Doc. No. 3. The same day, the Court ordered Hasty to submit the remainder of the $350.00 filing fee or file a fully completed and signed IFP application reflecting his free-world financial status within 30 days. *See* Doc. No. 6. Hasty was cautioned that failure to comply with the Court's order within that time would result in the recommended dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2). The Clerk was directed to forward an IFP application to Hasty, and the docket reflects that a free-world IFP application was mailed to him on June 10, 2020.

More than 30 days have passed, and Hasty has not complied or otherwise responded to the June 10 order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Hasty's complaint (Doc. No. 1) and amended complaint (Doc. No. 5) be dismissed without prejudice.

DATED this 30th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE